IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LEWIS PARKER WALKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | CASE NO. 5:12-CV-397 HL |
| | : | |
| WARDEN MARTY ALLEN | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

On September 20, 2012, Petitioner filed the above-styled petition for writ of habeas corpus. (ECF No. 1). The Respondent filed a Motion to Dismiss Petitioner's claims and Petitioner filed a response to the motion. (ECF Nos. 13, 15.) Thereafter, the Respondent filed an Amended Motion to Dismiss to which the Petitioner responded. (ECF Nos. 20, 22.) Respondent's motion is now ripe for review.

## BACKGROUND

Petitioner Walker was convicted in Clarke County Superior Court of aggravated assault on August 7, 1992. (Mot. to Dismiss, Exh. 1; ECF No. 13.) Petitioner was sentenced to serve twenty years in prison. (*Id.*) In November 1999, Petitioner was paroled by the State Board of Pardons and Paroles. (Resp't's Ex. 1.) Petitioner was thereafter found to have violated his parole on February 2010, and again on July 28, 2010, when he was arrested for burglary and simple battery. (Resp't's Ex. 1.) On August 17, 2010, Petitioner's parole was revoked and he was ordered to serve the balance of his sentence in prison. (*Id.*)

On October 19, 2010, Petitioner pled guilty and was sentenced in the Superior Court of Putnam County to a period of ten years in prison for the burglary conviction and twelve months for the simple battery conviction with both sentences to run concurrently for a total of ten years. (Resp't's Ex. 2, p. 11.)  On February 12, 2012, the twenty (20) year sentence in Petitioner's Clarke County case expired. (Resp't's Ex. 1.)  Petitioner's sentence out of Putnam County began on July 28, 2010, when he was convicted, and will expire on July 27, 2020. (*Id.*)

In January 2012, Petitioner filed a writ of mandamus against the Clerk of the Superior Court of Putnam County, Sheila H. Perry, wherein he asked the court to compel the Clerk to correct his sentence from ten years of incarceration to ten years of probation. (Resp't's Ex. 3, pp. 1-6.)  Petitioner claimed that he had negotiated a plea agreement with the District Attorney's office for a ten year term of probation, not prison time. (*Id.*) Petitioner's writ was denied on March 12, 2012. (*Id.* at 49.)

Petitioner then filed a direct appeal of the denial of his writ of mandamus in the Georgia Supreme Court. (Resp't's Ex. 3.)  On June 18, 2012, Petitioner filed an application for discretionary appeal in the Georgia Court of Appeals, which was transferred to the Georgia Supreme Court. (*Id.*)  Both appeals were dismissed by the Supreme Court on May 27, 2012, and July 17, 2012, respectively. (*Id.*)

On September 20, 2012, Petitioner filed the above-styled action alleging that he was not sentenced to ten years in prison, but was, in fact, sentenced to serve a ten-year

probationary term for his convictions of robbery and simple battery.[1] (Pet'r's Pet. 5, ECF No. 1.) In his original motion to dismiss filed on December 10, 2012, Respondent argued that Petitioner's application for habeas relief should be dismissed for a lack of exhaustion and untimeliness. (ECF No. 13.) Then, on January 18, 2013, the Putnam County Superior Court held a hearing on a motion by Petitioner to correct a void sentence. (Resp't's Ex. 5; ECF No. 21-1.) In that hearing, the Court determined that the written sentence in Petitioner's case correctly specified his term of incarceration. (*Id.*) Thus, in his amended motion, the Respondent argues that Petitioner has failed to state a claim upon which relief can be granted and again alleges a lack of exhaustion and untimeliness.

## DISCUSSION

### I.     Failure to State a Claim

The Respondent first argues that Petitioner's habeas claims must be dismissed because he failed to state a claim upon which relief could be granted. (Resp't's Am. Mot. to Dismiss 3; ECF no. 20.) Specifically, Respondent contends that a hearing on Petitioner's Motion to Correct Void Sentence was held and that any ambiguity regarding Petitioner's sentence was laid to rest. (*Id.*)

The record reveals that on January 18, 2013, a hearing was held in front of Putnam County Superior Court Judge James Cline, Jr. (Resp't's Ex. 5.) Two witnesses, the

---

[1] Of note, Petitioner alleges in his Traverse to Respondent's Answer-Response that he is not actually challenging his conviction, the calculation of his sentence, or whether his sentence is void. Respondent instead argues that he was denied a pre-deprivation hearing to determine if his imprisonment beyond February 6, 2012 was legal. (ECF No. 16). Petitioner believes he has a state created liberty interest in receiving a ten year probationary sentence instead of the ten year sentenced pronounced by the court due to a misstatement by the prosecutor at his plea hearing.

Assistant District Attorney who represented the State in Petitioner's plea hearing and the Ocmulgee Circuit Public Defender who represented Petitioner in that case, were called to testify at the hearing. (*Id.*) Both attorneys testified that the negotiated sentence in the case was for ten years to be served in prison. (*Id.*) Petitioner's own attorney further testified that his case notes reflect a negotiated plea of ten years in prison. (*Id.*) After hearing the evidence, Judge Cline found that Petitioner's sentence was the result of a negotiated settlement between the State and the Defendant. (Resp't's Ex. 6, Final Order Denying Motion to Correct Void Sentence.) The Judge determined that the written sentence tendered to Defendant correctly memorialized the sentence as accepted by the Court. (*Id.*) Judge Cline thus denied Petitioner's Motion to Correct Void Sentence and affirmed that the sentence in this case was ten years of incarceration, with a concurrent one year probation term, for his convictions of burglary and simple battery. (*Id.*)

The record further reveals that the only evidence Petitioner relies on to support his claim is that when Assistant District Attorney Allison Maudlin, who was filling in for the Assistant District Attorney who was prosecuting Petitioner, told the the Court what Petitioner's plea agreement indicated, she misspoke and stated that "[t]he state is recommending ten years to serve on Count 1; twelve months on Count 2 to run concurrent with each other for a total of ten years to serve on probation."

After a thorough review of the record, it is clear that the sentence in this case was properly recorded in the written sentence filed in the Putnam County Superior Court. *See Curry v. State,* 248 Ga. 183, 185 (1981) ("[a]n oral declaration as to what the sentence

shall be is not the sentence of the court; the sentence signed by the judge is.") However, out of an abundance of caution, the Putnam County Superior Court held a hearing to ensure that Petitioner's claims were addressed. Any doubts about the Petitioner's sentence were put to rest by the Judge's Order finding that Petitioner's Motion to Correct Void Sentence be denied. As such, Petitioner has failed to state a claim upon which relief may be granted because the state court made a determination that there was no sentencing error and that is now the law of the case.

## II. Exhaustion of Administrative Remedies

The Eleventh Circuit has held that "[p]risoners seeking relief pursuant to section 2241 are subject to administrative exhaustion requirements. And the exhaustion requirement in the section 2241 context is jurisdictional. Under 42 U.S.C. § 1997e(a), exhaustion is required even if the relief 'does not appear to be 'plain, speedy, and effective,' before filing those claims in federal court.'" *Rey v. Warden, FCC Coleman-Low,* 359 F. App'x. 88, **2 (11th Cir. 2009) (internal citations omitted). If a prisoner does not exhaust the administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir.1992).

As stated previously, Petitioner filed a response to Respondent's Motion to Dismiss Petition for Lack of Exhaustion. In his Response to the Motion to Dismiss, Petitioner asks that the court not dismiss his petition as he asserts that he has exhausted his administrative remedies by filing a direct appeal of his case in the Georgia Supreme

Court.  (Pet'r's Resp. 11, ECF No. 15-1.)  However, as noted above, this court is not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies.  Petitioner still has available to him the ability to file a state habeas corpus petition.  Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2241 be **DISMISSED** without prejudice**.**   Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 12th day of June, 2013.

S/ STEPHEN HYLES
UNITED STATES MAGISTRATE JUDGE